# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BOBBY TURKINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13CV1897 JCH |
| ) | |
| JEFF NORMAN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

Petitioner pled guilty to first-degree child molestation as prohibited by Mo. Rev. Stat. § 566.067.  Missouri v. Turkington, No. 07SL-CR05592-01 (St. Louis County).  The court sentenced petitioner to five years' imprisonment on January 21, 2010.  Id.  Petitioner did not appeal, and he did not file a motion under Missouri Court Rule 24.035 for postconviction relief.  Petitioner filed a Rule 91 habeas action on December 7, 2012, and the court dismissed the petition on June 10, 2013. Petitioner filed the instant habeas action on September 17, 2013.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. . . .

In Missouri, a prisoner has ten days to file a notice of appeal from the date the criminal judgment is rendered. See Mo. Ct. R. 30.01(a); Mo. Ct. R. 81.04(a). Because petitioner did not appeal, the statute of limitations began to run on January 31, 2010, ten days after the trial court entered its judgment. The limitations period expired, therefore, on January 31, 2011, and the instant petition appears to be time-barred.

The Court will not dismiss this action as untimely without first giving notice to petitioner. Petitioner shall, therefore, show cause within twenty-one days of this Order why this action should not be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause no later than twenty-one (21) days from the date of this Order why this action should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 18th  day of October, 2013.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE